Jennifer F. Novak (SBN 183882)
novak@jfnovaklaw.com
Megan Meadows (SBN 245033)
megan@jfnovaklaw.com
Demetria Mantalis (SBN 358279)
demetria@jfnovaklaw.com
LAW OFFICE OF JENNIFER F. NOVAK
500 Silver Spur Road, Suite 206
Rancho Palos Verdes, California 90275
Telephone: (310) 693-0775
Facsimile: (310) 627-0172
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>DALE T. JABOUR, *et al.*<br><br>Defendants. | Case No.: 2:25-cv-02882-WBS-CSK<br>Related Case: 2:25-cv-00078-WBS-CSK<br><br>Assigned to Hon. William B. Shubb<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS DEFENDANT HECTOR MORFIN**<br><br>Date: September 14, 2026<br>Time: 1:30 pm<br>Ctrm: 5, 14th Floor<br><br>Action Filed: October 7, 2025<br>Trial Date: February 15, 2028 |

## I. INTRODUCTION

Defendant Hector Morfin ("Defendant Morfin") brought this Motion to Dismiss for Lack of Subject Matter Jurisdiction based on a straightforward defect: Plaintiff Central Valley Eden Environmental Defenders, LLC ("Plaintiff") failed to provide him with notice of his alleged violations as required by the Clean Water Act. Plaintiff's Opposition does not cure that defect. Instead, Plaintiff's arguments and supporting evidence confirm that Plaintiff did not provide Defendant Morfin with the required notice.

Plaintiff did not name Defendant Morfin as an individual in its first notice letter to Sweetener Products, Inc. ("Sweetener"), or in its amended notice letter addressed to Sweetener and individually named employees of Sweetener. Under current Ninth Circuit law, the Clean Water Act's notice requirement is jurisdictional and must be satisfied before a plaintiff can invoke the federal courts' jurisdiction. Thus, an alleged violator cannot be sued unless the plaintiff first provides the required pre-suit notice. Accordingly, Defendant Morfin respectfully requests the Court to dismiss the lawsuit against him for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

Plaintiff sent Sweetener a 60-Day Notice of Intent to Sue Letter ("Notice Letter") for its facility located at 1150 Thurman Road in Lodi, California (the "Facility") on August 13, 2024. Dckt 37-2, Exhibit ("Ex.") A. On August 5, 2025, Plaintiff sent an amended 60-Day Notice of Intent to Sue Letter (the "Amended Notice Letter") to Sweetener and named five individuals of Sweetener by name.[1] Dckt 37-2, Ex. B. Neither letter names Defendant Morfin as an alleged violator of the Clean Water Act.

## III. LEGAL ARGUMENT

As this Court is aware, federal courts are limited to presiding over cases they have been granted authority over. When subject matter jurisdiction is not present, a

[1] The individual employees named include Steve Shanklin, David Jones, Dale Jabour, and Kenneth Cochrane, all of whom are named as defendants in this matter.

party may move to dismiss an action under Federal Rule of Civil Procedure 12. Fed. R. Civ. Proc 12(b)(1). Jurisdiction is granted in Clean Water Act citizen suit cases only after a plaintiff has satisfied the Act's mandatory pre-suit notice requirements. See *Hallstrom v. Tillamook County,* 493 U.S. 20, 26 (1989) (finding that complying with a notice period is a mandatory, not optional condition precedent for suit in a similar environmental statue); *Washington Trout v. McCain Foods, Inc.,* 45 F.3d 1351, 1353 (9th Cir. 1995) (confirming that compliance with the notice requirement is mandatory in Clean Water Act citizen suit cases). To comply with the pre-suit notice requirement, a plaintiff must provide notice of the alleged violations to the Administrator, the State, and the alleged violator at least sixty days before commencing suit. 33 U.S.C. § 1365(b)(1)(A). One of the public purpose reasons of the 60-day notice requirement is to allow the alleged violator time to resolve the allegations against it before litigation commences. *Center for Biological Diversity v. Marina Point Development Co*., 566 F.3d 794, 800-801 (9th Cir. 2009).

The Ninth Circuit has consistently held that the sixty-day notice requirement is a jurisdictional prerequisite in Clean Water Act cases. See *Center for Biological Diversity, supra*, 566 F.3d 794 at p. 800 (stating that providing notice is a "jurisdictional necessity" of a citizen's suit litigation); *Natural Resources Defense Council v. Southwest Marine, Inc*., 236 F.3d 985, 995 (9th Cir. 2000) (stating that noncompliance with notice requirement requires dismissal of an action); *Waterkeepers Northern California v. AG Industrial Mfg. Inc*., 375 F.3d 913, 916 (9th Cir. 2004) (stating that compliance with notice provision is required for jurisdiction).

Plaintiff has not provided any Ninth Circuit law supporting its argument that the Clean Water Act's notice requirement is not jurisdictional. Opposition to Motion to Dismiss ("Oppo"), Dckt. 40, pg. 3:18-21. Plaintiff claims that Magistrate Judge Sean Riordan ("Judge Riordan") stated that notice letters are a claims-processing rule. While Judge Riordan believes that the Ninth Circuit may change its mind if the issue were revisited, he specifically states that "[o]ut of an abundance of caution, the Court thus

proceeds with the understanding that under Ninth Circuit precent, the CWA notice requirement remains jurisdictional." *Central Valley Eden Environmental Defenders, LLC v. Castle & King Rock & Ready Mix,* 2025 WL 1411344, 3 (E.D. Cal. 2025). Earlier this year a district court in Northern California confirmed that the notice requirement is a "jurisdictional necessity." *Californians for Alternatives to Toxics v. Travis Moreda Dairy,* 2026 WL 207274 (N.D. Cal. 2026).

Similarly, Plaintiff cites no Ninth Circuit law to support or provides any explanation on what it believes makes up, its argument that "hyper-technical" arguments are foreclosed. Oppo, Dckt. 40, pg. 3:22-26. Even if the cases cited by Plaintiff were in the Ninth Circuit, they do not address the issue presented in this Motion to Dismiss. *Naturaland Trust* discusses the identification of a plaintiff in the lawsuit, not failure to provide notice to an alleged violator before commencing suit. *Naturaland Trust v. Dakota Finance LLC,* 41 F.4th 342, 350-351 (4th Cir. 2022). *Cascadia Wildlands* is a district court case that discusses notice requirements under the Endangered Species Act, not the Clean Water Act. *Cascadia Wildlands v. Scott Timber Co.,* 328 F.Supp.3d 1119, 1133 (D. Or. 2018).

Plaintiff's contention that it was not required to notify Defendant Morfin as an individual before suing him is belied by its own conduct. Oppo, Dckt. pgs. 3:27-28; 4:1-5. Plaintiff expressly named each of the other defendants in this action in its Amended Notice Letter. Oppo, Dckt. 40-1, Ex. A. Plaintiff therefore understood that individuals must be specifically identified to provide them with notice of alleged Clean Water Act violations made against them. Furthermore, Plaintiff knew of Defendant Morfin's identity and had multiple opportunities to name him in a notice letter before commencing this action. It chose not to do so.

Plaintiff also argues that it provided sufficient notice because Defendant Morfin was identified in Sweetener's records. Oppo, Dckt. 40, pg. 4:4-8. Sweetener's identification of Defendant Morfin in its disclosures is not the same as Plaintiff providing notice of the allegations against him. Moreover, the standard is not "sufficient

identification." Rather, each alleged violator must be given notice of the alleged violations attributed to them. 40 C.F.R. § 135.3(c); See *Cottonwood Environmental Law Center v. Edwards,* 86 F.4th 1255, 1264 (9th Cir. 2023) (notice is sufficient only when it provides the alleged violator with enough information to remedy the violation); *Center for Biological Diversity, supra,* 566 F.3d 794 at p. 801) (notice must inform the recipient of precisely what it allegedly did wrong).

Finally, Plaintiff's argument that Sweetener's post-notice conduct somehow excuses its failure of naming Defendant Morfin in a notice letter also fails. Oppo., Dckt., pg. 4:6-8. There is no post-notice conduct by Defendant Morfin suggesting that he believed he would be sued because he was never given notice that he was an alleged violator. Moreover, the case Plaintiff cites in support of this contention discusses the sufficiency of the factual detail on the allegations themselves provided in a notice letter. *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter,* 797 F.3d 645, 651 (9th Cir. 2015). It does not hold that post-notice conduct from a non-named party can cure a plaintiff's failure to provide notice to the alleged violator before suit is filed.

Plaintiff failed to satisfy the sixty-day notice requirement because it did not name Defendant Morfin in its Notice Letter, its Amended Notice Letter, or any subsequent letters. Accordingly, Plaintiff failed to provide Defendant Morfin with the required notice before commencing suit against him. The Court therefore lacks subject matter jurisdiction over the claims against Defendant Morfin, and those claims must be dismissed under Federal Rule of Civil Procedure 12. Fed. R. Civ. Proc 12(b)(1).

///

///

///

///

///

///

///

## IV. CONCLUSION

Subject matter jurisdiction in a Clean Water Act case is only granted when a plaintiff has complied with the Act's mandatory pre-suit notice requirements. Because Plaintiff did not comply with the mandatory pre-suit notice requirements as to Defendant Morfin, this Court lacks subject matter jurisdiction over Plaintiff's claims against him. Accordingly, Defendant Morfin respectfully request that this Court dismiss the claims against him.

Date: August 10, 2026 LAW OFFICE OF JENNIFER F. NOVAK

/s/ Demetria Mantalis
Demetria Mantalis
Attorney for Defendant Morfin