UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CENTRAL VALLEY EDEN ENVIRONMENTAL DEFENDERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DALE T. JABOUR, et al.,<br><br>Defendants. | No. 2:25-cv-02882 WBS CSK<br><br>MEMORANDUM AND ORDER RE: DEFENDANT HECTOR MORFIN'S MOTION TO DISMISS |

----oo0oo----

Defendant Hector Morfin moves to dismiss plaintiff Central Valley Eden Environmental Defenders' Clean Water Act suit against him. (Mot. to Dismiss (Docket No. 37).) Defendant argues that plaintiff did not provide him with the Act's required pre-suit notice. (Id.)

A CWA plaintiff must provide notice to the alleged violator at least sixty days before filing suit. 33 U.S.C. § 1365(b)(1)(A). The notice must provide "sufficient information to permit the recipient to identify," among other things, "the

person or persons responsible for the alleged violation." 40 C.F.R. § 135.3(a). Courts must "strictly construe[]" this notice requirement. Waterkeepers N. Cal. v. AG Indus. Mfg., Inc., 375 F.3d 913, 917 (9th Cir. 2004); see also San Francisco BayKeeper, Inc. v. Tosco Corp., 309 F.3d 1153, 1158 (9th Cir. 2002) (requiring "reasonable specificity"). Absent adequate notice, "the action is prohibited." Cottonwood Env't L. Ctr. v. Edwards, 86 F.4th 1255, 1264 (9th Cir. 2023).

Plaintiff argues that its August 5, 2025 letter to Sweetener Products provided defendant with adequate notice. (Opp'n at 4 (Docket No. 40).) The court disagrees. The letter did not identify this moving defendant by name, even though it identified five other Sweetener officers and employees, four of whom plaintiff named in its initial complaint. (First Am. Compl. at 28 (Docket No. 23).) That selective identification would suggest to a reasonable person in defendant's position that the named persons, rather than Morfin, were the targets of the notice. Accordingly, the court finds that the letter failed to give defendant notice sufficient to satisfy the statutory requirement.

Although defendant moves to dismiss under Rule 12(b)(1), the court need not decide whether the CWA's notice requirement is jurisdictional.[1] Plaintiff's failure to provide

[1] The Ninth Circuit treats the notice requirement as jurisdictional. See Cottonwood Env't L. Ctr., 86 F.4th at 1264. Recent precedent concerning the Endangered Species Act's similar notice requirement, however, casts doubt on that characterization. See Cascadia Wildlands v. Scott Timber Co., 105 F.4th 1144, 1148 (9th Cir. 2024); see also Cent. Valley Eden Env't Defs., LLC v. Castle & King Rock & Ready Mix, No. 2:23-cv-

sufficient notice warrants dismissal either way: if the requirement is jurisdictional, dismissal is proper under Rule 12(b)(1); if it is not, dismissal is proper under Rule 12(b)(6), which the court may order sua sponte. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (holding that sua sponte dismissal under Rule 12(b)(6) is proper "where the claimant cannot possibly win relief"). The distinction makes no difference here because neither party raises waiver or forfeiture.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 37) be, and the same hereby is, GRANTED. This action is accordingly hereby DISMISSED without prejudice as against defendant Hector Morfin.

Dated: September 15, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

02616 SCR, 2025 WL 1411344, at *3 (E.D. Cal. May 15, 2025) (predicting that, if the Ninth Circuit revisited the issue, it would likely hold that the notice requirement is not jurisdictional). Either way, notice is "mandatory, not optional." See Ctr. For Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 800 (9th Cir. 2009) (quoting Hallstrom v. Tillamook Cnty., 493 U.S. 20, 26 (1989)).